UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ISLAM HENNI,

                       Plaintiff,

              - against -

ROTANA CAFÉ & RESTAURANT INC.
doing business as After 8 Café Lounge and
ATEEF ELAKHARAS,

                       Defendant.
-----------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER**

23-cv-5277 (BMC)

**COGAN**, District Judge.

    This Fair Labor Standards Act and New York Labor Law claim is before the Court on plaintiff's motion for a default judgment. Defendants have failed to timely appear, and the Clerk of Court has noted their default under Fed. R. Civ. P. 55(a). It is the second motion for a default judgment; the first motion was denied because of inadequate proof of damages. This second motion also is deficient in some respects but sufficient to permit granting it in part.

    The complaint and plaintiff's affidavit in support of the motion allege that plaintiff was a chef at defendants' restaurant from approximately April 1, 2022 through July 1, 2023. She was paid a flat salary of $800 per week for about 53.75 hours per week for 28 weeks and nothing for another 37 weeks. The complaint fails to allege FLSA enterprise or individual coverage, but plaintiff's affidavit contains a conclusory assertion to that effect, and since defendants have not appeared to dispute it, and because they run a restaurant (which likely uses goods shipped in interstate commerce), I will deem it adequate. The complaint also adequately pleads, albeit barely, individual liability for running the business. The motion, which narrows the claims and

relief demanded in the complaint, seeks minimum wage and liquidated damages under the FLSA and New York Labor Law; statutory damages for failure to provide wage notice and wage statements as required by the NYLL; pre-and post-judgment interest on those amounts; plus attorneys' fees and costs under both the federal and state statutes.

It is hornbook law that on a motion for default judgment, the well-pleaded allegations of the complaint pertaining to liability are accepted as true. See, e.g., Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). In the instant case, the complaint's allegations are sufficient to establish liability as to the minimum wage claims under the FLSA and NYLL.

A defendant's default does not constitute an admission as to the damages claimed in the complaint. See Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009). The burden is on the plaintiff to establish, by a reasonable certainty, an entitlement to the relief requested. See Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999); Greyhound Exhibitgroup, 973 F.2d at 158. To determine damages, the Court may conduct an inquest, see Fed. R. Civ. P. 55(b)(2), or it may rely upon the affidavits and other documentary evidence provided by the plaintiff, obviating the need for a hearing on damages, see Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997).

There is no need for an inquest here. The calculations submitted by plaintiff's attorney are far less than the damages to which plaintiff is entitled because she has elected (for some reason) not to seek overtime for either the period in which she was paid $800 per week or the period in which she was paid nothing at all. Instead, all she wants is $800 per week for the period in which she was paid nothing at all, which comes to $29,600. Even without overtime,

minimum wage for the unpaid period would come to $29,831.25, and since she is seeking only $29,600, that amount will be allowed.

As to liquidated damages, plaintiff is seeking a double recovery by invoking both the FLSA and NYLL.  She cannot recover liquidated damages twice, as the purpose for liquidated damages under both statutes is satisfied by one award under either.  See Jimenez v. Computer Express Int'l Ltd., No. 13-cv-5657, 2015 WL 1034478 (E.D.N.Y. March 10, 2015).  Liquidated damages are therefore $29,600.

Plaintiff's demand for $10,000 in statutory damages for failure to provide notices and statements required by NYLL §§ 195, 198(1-b), and 198(1-d) is denied because she lacks standing under Article III of the Constitution to maintain those claims in federal court.  See Deng v. Frequency Electronics, Inc., 650 F. Supp. 3d 255, 264-67 (E.D.N.Y. 2022).  Those claims are dismissed without prejudice to bringing them in state court.

In addition, plaintiff seeks pre- and post-judgment interest.  Pre-judgment interest is not appropriate on FLSA awards as the liquidated damages are adequate to compensate plaintiff for the loss of use of the money.  See Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 92 (E.D.N.Y. 2012).  Plaintiff's request for post-judgment interest is pointless since all federal judgments accrue post-judgment interest at the statutory rate.  See 28 U.S.C. § 1961.

Plaintiff has also requested $5,250 in attorneys' fees based on 11 2/3 hours of alleged work at $450 per hour.  The lack of quality and documentation for the work on this case does not support either the rate or the time requested.  It seems clear that plaintiff's counsel is not familiar with this area of law, in part because his affidavit does not set forth any experience as a lawyer, let alone as a wage lawyer (as would be necessary to justify an hourly rate near the top of rates allowed in this district, which $450 per hour is, cf. Cuevas v. Ruby Enterprises of New York

3

Inc., No. 10-cv-5257, 2013 WL 3047715, *2 (E.D.N.Y. June 17, 2013) (reducing claimed rate from $450 per hour to $350 per hour where although attorney had "considerable experience as a litigator, his background is not as extensive as those highly experienced and impeccably credentialed partners who have been awarded rates on the higher end of the attorneys' fee spectrum.") (cleaned up)).

In addition, he did not properly calculate the damages for his client's claims. He jettisoned her overtime claims without adequate explanation; he took a shortcut to computing his client's damages even on the limited theory he pursued, which further reduced the claim by a couple of hundred dollars; and he asked for elements of damages that the overwhelming majority of courts routinely disallow. He either did not want to or did not know how to calculate his client's hourly rate of pay to extrapolate it into a minimum wage and overtime claim.

Moreover, although he was instructed to submit contemporaneous records of time expended when this Court denied the prior motion for a default judgment, as is required on any application for an award of attorneys' fees in federal court, see Zabrodin v. Silk 222, Inc., ___ F. Supp. 3d ___, 2023 WL 8009319, at *13 (E.D.N.Y. 2023), it is clear he kept no such records. What he submitted is an obvious reconstruction of tasks undertaken with no dates appended to any of the reconstructed tasks. This was a disingenuous response to this Court's direction that he had to submit contemporaneous time records.

His request for fees is therefore reduced to $2,000, which is more than reasonable. Claimed disbursements of $400 for the filing fee is reasonable and shall be allowed.

To ensure that this action has been for the primary benefit of plaintiff, any collection on this judgment shall be first applied to amounts due to plaintiff as compensation and liquidated damages and only when that portion of the judgment is fully satisfied shall further recoveries be

4

applied to the attorneys' fees and expenses.  When and if the plaintiff's compensation and liquidated damages pursuant to the judgment have been satisfied, plaintiff's counsel shall so advise the Court.

Accordingly, the motion for a default judgment is granted to the extent set forth above. The Clerk is directed to enter judgment in favor of plaintiff, and against defendants jointly and severally, in the amount of $29,600 in compensatory damages, $29,600 in liquidated damages, $2,000 in attorneys' fees, and $400 in disbursements, for a total of $61,600.00.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
       February 17, 2024

5